The opinion of the court was delivered by
Nicholls, O. J.
W. II. McOhesney is appellant from a judgment of the District Court ordering him to take title to certain property adjudicated to him at a judicial sale made on the 21st'of February, 1899, in the matter of the partition suit of W. H. Woolverton et als. vs. Robert Stevenson et als., and to comply with the terms and conditions of said adjudication.
The judgment in question was rendered upon a rule taken in that suit, upon appellant, to show cause why he should not comply with such adjudication.
In answer to this rule, after pleading the general issue, he admitted that the property had been adjudicated to him, as stated in the rule, but he denied that a good and valid title had been tendered him.
That it was not good for the following assigned reasons:
“Firslt. — The judgment of partition, rendered in these proceedings, was and is null, void apd of no effect, in that the curator ad hoc, for the absent defendant, Robert Stevenson, did not take the oath directed by the court and required by law.
Second. — The judgment herein, decreeing a sale for a partition, was and is null, void and of no effect, in that it appears from the record, No. 52,990, Civil District Court (Succession of N. W. Woolverton, Sr.), to which reference is made in these proceedings, that other property was owned in indivisión by the parties to these proceedings, and that the fact of such ownership was not represented to the court, and was not taken into account by it in reaching its conclusion, that there could be no partition in kind; that the law requires that there should be a partition in kind among co-owners, if the same can be accomplished, and that the court must be advised of all the property owned in indivision by the partie.
Third. — The properties in question are claimed to be owned by the parties to this suit as the heirs of Nicholas W. Woolverton. The latter claims ownership under an act of transfer from Mrs. Mar.y Ann *1149 Woolverton, widow of Joseph S. Stevenson, and then wife of Nicholas W. Woolverton, Jr., and from Robert Stevenson, by an act passed before B. Ory, N. P., April 3rd, 1891; that said act recites that it is a dation en paiement for a debt due the transferee by Mrs. Mary Ann Woolverton; that said act is and was insufficient to convey the interest in said property of Robert Stevenson, amounting to a one-half undivided interest, for the reason that he was represented in said act by the attorney in fact, under a procuration authorizing said' attorney to “sell, transfer and convey,” the said property on such terms as said attorney might see fit; that the said attorney in fact had authority only to make a sale of the interest of said Stevenson in said property, and was without authority to transfer the same without consideration to the said Stevenson, and in payment of the debt of a third person.
If, however, the court should hold that the attorney in fact of said Stevenson had authority, under the procuraition referred to, to transfer the interest of said Stevenson in said property in payment of the debt of another, then that said transfer, being without consideration to the said Stevenson, was equivalent to and in fact was a donation by the said Stevenson of his interest in said property, and that the said donation, if such it be, will be reducible to the disposable portion of the estate of said Stevenson by his forced heirs at the time of his death, he being still alive.
The following admissions are in the record:
“It is admitted that lot No. 20, adjudicated to W. M. McChesney, was acquired by the Joseph 'S. Stevenson community from Mrs. Dudley.
It is admitted that the curator ad hoc of the absent defendant, Robert Stevenson, took no oath as such.
It is admitted that the parties plaintiff and defendant to the partition suit herein owned (and still own), in the same proportions in indivisión in which they own the property partitioned, a certain other piece of property in this city, being the rear portion of original lot No. 25, in the square bounded by Laurel, Third, Annunciation and Fourth streets, measuring about 38’ by 25’.
It is admitted and agreed that citation was issued to, and returned by the sheriff as served on, Robert Stevenson, absent defendant, by personal service on L. A. Hubert, curator ad hoc., and that the defenses embraced in paragraphs 4 and 5 of the answer are formally abandoned.”
*1150 The proceeding in which ;the judicial sale to the defendant was made is a partition suit brought by four parties, as plaintiffs, against Robert S. Stevenson and Jacob Woolverton, for the partition between them of certain described properties.
The defendants are described as being residents of the city of Brooklyn, in New York, and the latter as being a minor.
Plaintiffs alleged themselves to be owners in indivisión, with defendants, of the property referred to.
That Robert S. Stevenson and Jacob Woolverton are the children of Mrs. Ann Woolverton, a deceased daughter of Nicholas W. Wool.verton, Sr., the former being issue of her first marriage with Joseph H. Stevenson, and the latter, issue of her second marriage with Nicholas W. Woolverton, Jr. That plaintiffs are the children of Nicholas W. Woolverton, Sr., by a marriage other than that of which Mary Ann Woolverton was the issue.
That plaintiffs and defendants are the sole heirs of Nicholas W. Woolverton, Sr.; that plaintiffs were unwilling to hold the property described any longer in indivisión with the defendants; that a partition, by lieitation, was necessary; that it was necessary that a curator ad hoc be appointed to represent Robert Stevenson, and a tutor ad hoc to represent Jacob Woolverton, and they prayed the court to make such appointments.
They prayed for citation, for a sale of the property, and finally for a partition between the parties.
L. II. Hubert was appointed curator ad hoc of Robert Stevenson, and J. O. Daspit as tutor ad hoc of Jacob Woolverton.
The curator ad hoc answered, saying he had no objection to the granting of plaintiff’s prayer, and prayed that, after the legal requirements had been complied with, there be judgment as prayed for in plaintiff’s petition. The tutor ad hoc pleaded a general denial, and called for strict proof.
The court, after hearing evidence, ordered the sale to be made, and it was accordingly made, appellant becoming the adjudicatee of one of the properties at the sale.
On the third of April, 1891, Mrs. Mary Woolverton and George F. Baumann and Nicholas W. Woolverton, Sr., were parties to a notarial act passed on that day before Benjamin Ory, a notary public, for the Parish of Orleans, in which it was recited that George F. Baumann appeared in the act and acted therein in his capacity as the duly *1151 appointed authorized agent of Robert Stevenson, a resident of Brooklyn, New York, under a power of attorney, - which he produced and which was annexed to the act.
In the act it was recited that Mrs. Mary Ann Woolverton and George E. Baumann declared that the former was indebted to Nicholas W. Woolverton, Sr., in the sum of six thousand, eight hundred and seventy-five dollars, represented by a promissory note, executed by her (she being then the widow of Joseph S. Stevenson), to her own order, and by her endorsed, and dated the 26th of N ovember, 1877, payable one year after date, secured by her mortgage, granted on the property described, in the act. That later a new note was given by her to represent this indebtedness, and a new mortgage given by her on the property to secure the same. That that indebtedness, with interest accrued thereon, was still unpaid and due. That Mrs. Woolverton and Robert Stevenson were both without ready funds to pay the indebtedness. That they had offered to transfer and convey the property to Nicholas Woolverton, Sr., in full payment and satisfaction of the said indebtedness, and that Nicholas W. Woolverton, Sr., had accepted the offer. That in consideration of the premises, and in consideration of the return and delivery to Mrs. Mary AnnWoolverton, and unto Robert Stevenson, of both the notes, the receipt whereof they acknowledged, and granted full acquittance and discharge thereof, therefore, they, the said Mrs. Mary Ann Woolverton, in her own name and behalf, and the said Baumann, in his described capacity, and for and on behalf of said Robert Stevenson, grantedj bargained, sold, conveyed, transferred, assigned, set over, and delivered and gave in payment the said property, with all legal warranties, and with substitution and subrogation to all their rights and actions in warranty against all former owners or vendors to Nicholas W. Woolverton, Sr., who accepted the same, acknowledging dellivery and possession of the property conveyed.
The property was declared to be the same property which the said Mrs. Woolverton acquired during the community of acquets and gains, which existed between her and her late deceased husband, Joseph H. Stevenson, and upon his death, in New Orleans, on the 18th of April, 1870, his community half share and interest then vested in the said Robert Stevenson, as his sole and only child and heir.
By the power of attorney, annexed to the act before Ory, notary public, which was executed in Brooklyn, New York, on the 12th of *1152 March, 1891, before Sloane, notary public, Robert L. Stevenson constituted and appointed George F. Baumann, of the city of New Orleans, to be “his lawful agent and.attorney in fact for him (me), and in his (my) name, place and stead, to sell, transfer and convey to' such person or persons, ‘for such price and sum, and on such terms as his (my) said attorney in fact shall see fit; all his (my), rights, title and interest, of any nature and kind in and- to the following described property (describing it); to receive and receipt for the price-of said sale or sales, and give and grant full and entire acquittance and discharge therefor, whether in notes or cash, or both; to sign and execute in favor of the purchaser or purchasers of said property, good and sufficient deeds and titles thereto, with or without warranty, and sign and execute any and all other instruments of writing that shall or may be required, and generally to do and perform everything else' that shall or may be required and necessary in the premises, binding himself (myself) to ratify and confirm all and whatever his (my) said attorney in fact shall lawfully do, in and by virtue of the power of attorney.
Opinion.
The first objection urged by the appellant, that the proceedings were null and void, for the reason that the curator ad hoc for the absentee, Robert Stevenson, had not taken an oath, is not well founded, as has been several times declared by this court. (See Thayer vs. Tudor, 2 Ann., 1010; Killelea vs. Barrett, 37 Ann., 868; Hansell vs. Hansell, 44 Ann., 549).
It is possible that some special case night occur, where a discovery having been made after a partition of some property not included in it, the partition would be made over again in totality (C. C., 1380), but in cases like the present, where the property omitted is of insignificant value, and the partition having been made by licitation, the properties have passed by judicial sales into the hands of third purchasers, no-such result would follow. The omission would not be ground for rescission, but simply for a'supplementary partition (C. C., 1401).
The contention of appellant .that the transfer made in the act before Ory, being without consideration to Stevenson, it was in fact a donation by him of his interest in the property, and that the donation (if such it was) would be reducible to the disposable portion of the *1153 estate, of Stevenson, by bis forced heirs at the time of his death, he being then alive, assumes as a fact that there was no consideration for .the transfer by Stevenson to Woolverton.
We are by no means satisfied that this assumption is correct. It is-true that the mortgage note given by Stevenson’s mother was executed during her widowhood, but it is quite likely that it represented a debt which had its origin during the community which existed 'between herself and Stevenson’s father. Assuming, however, that Robert Stevenson made a donation to his mother, it was not a donation to her of his half of the property which was transferred in the Ory act to Woolverton. The half of that property which belonged to Stevenson passed direct from him to Woolverton, as being the former’s property. Woolverton, by the purchase, became indebted to him for one-half of the price of the whole property, which, under the agreement, was the amount of the mortgage note of his mother. Instead of paying .the amount to Stevenson, Woolverton, by consent, applied it, pro tanto, to the extinguishment of Mrs. Woolverton’s outstanding note. The donation, under these circumstances, would be of the sum of money so applied, and not of the real estate which had been transferred.
Granting, however, that the' property itself had been donated, it would not follow that appellant would be entitled to relief upon that ground. It is nowhere pretended that Stevenson was married, still less that he had any children.
We do not think that donations, made by a man prior to marriage, are made subject to reduction at his death, as being beyond the disposable portion of his estate, by the fact that he should, after making the donation, have married and died, leaving issue of his marriage. The syllabus in the matter of the Louisiana Savings Bank, in Liquidation, 48 Ann., 1428, is to the effect “that on the trial of a rule to test title, on the ground that same depends upon an act of donation inter vivos, which is subject to revocation by forced heirs, it should be made to appear from the pleadings that there are heirs in esse ” ‘or in posse, whose legitime would be affected, otherwise there would be no sueü substantial issue as this court could conclude by its decree.’ ”
The most serious objection urged by the appellant is that raised as to whether Baumann had not, in transferring Stevenson’s interest in the property, exceeded his authority under the power of attorney given him. It may be conceded that the conveyance could Iv.we been *1154 set aside bn that ground, had Stevenson brought a direct action for that purpose against Woolverton, the transferee, and had the issues been left to be determined on the face of the papers without allegation and proof of facts back of and dehors the acts showing prior situation of the parties and touching the community and Stevenson’s relation to the mortgage note, but this question is not presented to us in a direct action between the parties, to set aside the sale, but collaterally and incidentally in a proceeding to require a subsequent purchaser of the property to take title to the same, and this under exceptional circumstances.
The act of conveyance was made as far back as. 1891, and the property, in .the absence of proof to the contrary, is presumed to have gone into Woolverton’s possession. During that long period, and while the parties were all alive, not a word seems to have been urged by Stevenson against Baumann’s action.
The transferee of the property was Stevenson’s grandfather, the father of his mother. The effect of the conveyance was to cause him to release a large claim against the latter; mother and grandfather are both now dead, and the facts and circumstances under which the note indebtedness arose, will probably be difficult of proof at so late a date. The declaration made in the act of sale, that neither Mrs. Woolverton, nor Robert Stevenson, had, at that time, ready money to pay the note, would indicate that Stevenson, as well as his mother, was interested in its payment.
It is true that'declaration was made, not by Stevenson, but by his agent, but none the less it has some significance in view of all the surrounding circumstances of this case.
The property transferred has been inventoried in its entirety as property of the succession of the grandfather, of whom Stevenson is an -heir. He has been brought into these proceedings as an heir, and judgment has been rendered contradictorily with his legal representative, ordering the sale of this very property to effect a sale by Imitation to effect a partition among the grandfather’s heirs, and under that judgment the identical property has been sold. Could Stevenson, under these circumstances, attack the sale in the hands of the appellant, and is it at all likely that he would attempt to do so?
Article 1000 of the Civil Code declares that the person called to the succession does an act which makes him liable as heir, if when cited before a court of justice, as heir, for a debt of the deceased, he suffers *1155 judgment to be given against him in that capacity, without claiming the- benefit of inventory or renouncing the succession.
The provisions of that article do not cover this particular case in terms, for Stevenson has not been sued for a debt of the deceased, and though he has been cited in the ease, it has been through a curator ad hoc. The effect of the judgment rendered herein may not be to fix upon the absentee the status of an heir generally, -but if we give any effect at all to his being present in court through a curator ad hoc, as we think we are bound to do, the effect, we think, would be sufficient to pass this property fon to the purchaser free from all claims of ownership on the part of Stevenson. Parties owning real estate in Louisiana should take some care to safeguard their interests in the property, and not leave their rights to be tardily exercised to the prejudice of the public who have dealt with the property on the strength of judicial proceedings, to which they have been made parties by curators ad hoc.
We do not think there is any likelihood of' Stevenson’s advancing a claim hereafter to this property. When adjudieatees, at a judicial sale, instead of utilizing the period during which the property has been advertised for sale, to set on foot an investigation into the title of the property offered for sale, postpone such examination until after they have assumed obligations as adjudieatees of the property, they must be prepared, when they seek to avoid meeting these obligations by charging a defect in the title of the property, to show not a remote and possible danger in accepting title, but a substantial, probable threatening, danger.
We do not think appellant has presented such a case to us.
The risks of the situation, if any, áre remote, and the purchaser, by becoming the adjudicatee, must take them.
For the reasons assigned, it is ordered, adjudged and decreed that the judgment appealed from be and the same -is affirmed.