Sallier, Curator, vs. Rosteet et al.

## No. 14,126.

### VALLERY SALLIER, CURATOR, VS. J. W. ROSTEET ET AL.

#### SYLLABUS.

1. Parties who own property in common with an insane person have the absolute right to put an end to the indivision. They can sue to have the co-owner interdicted and a curator appointed. If, subsequently, the curator refuses to qualify they have the right to provoke the appointment of a "special" curator or curator *ad hoc* to represent the interdict. The rules governing in matter of an interdict's interests are very similar to those governing in matter of minor's interest. As with the latter, the former may be represented by a "special curator" or curator *ad hoc*. The difference between the two is not sufficient to afford ground to set aside proceedings in partition, five years after their date.

2. While successions should be regularly administered and the forms of law observed in making partitions of immovable property, a judgment will not be rendered to reopen a succession, it being evident that nothing can be accomplished by such a judgment.

3. After ten years the transfer by heirs of a succession to the usufructuary of property will not be disturbed.

4. Persons, not heirs, who may owe to a succession may be held bound by an heir who claims a sum due because of certain acts by the one from whom they inherit. They may be proceeded against by the complaining heir without making all the heirs parties to the suit, and without, to that end, reopening the succession.

5. A family meeting may recommend that specially designated property held in indivision with owners who are not heirs be partitioned and if the order be complied with; more than five years after, the irregularities of form will be cured.

6. Years after property of the succession has, without objection, passed into the hands of third persons, an heir who has complete remedy, will not be heard to champion the rights of his co-heirs in order to reinstate the property of the succession as a whole and to have another administration of the property.

7. Property in partition proceedings may be appraised after judgment ordering the partition.

A PPEAL from the Fifteenth Judicial District, Parish of Calcasieu —*Miller, J.*

*Kleinpeter & Kleinpeter* and *Albert Voorhies,* for Plaintiff, Appellant.

*Gabriel A. Fournet* and *Arsene P. Pujo,* for Defendants, Appellees.

The opinion of the court was delivered by

BREAUX, J. Plaintiff seeks to have a partition decreed null and to have certain properties brought to the mass of the succession of the late Charles Sallier and of Severine Sallier, his wife.

Anselme Sallier, the interdict in whose behalf this suit was brought by his curator, was a nephew of the late Joseph Charles Sallier, from whom he inherits.

Years ago, the two, Joseph Charles Sallier and Severine Fruge, were married, and in time accumulated considerable property which fell under the regime of the community. Neither of these parties brought separate property in marriage, save very small amounts, which do not give rise to any issue in this case. Joseph Charles, in 1880, died, leaving no will. His widow, about ten years afterward, died testate, leaving all her property to Joseph W. and Arthur Rosteet, whom she had reared.

The late Joseph Charles Sallier left neither ascendants nor descendants, but brothers and sisters and children of predeceased brothers and sisters. In July, 1880, an inventory, was taken, and in October of the same year a supplemental inventory, showing total assets fifty-six thousand eight hundred and seventy-one and 97-100 dollars belonging to the community, and showing value of real estate: six thousand two hundred and thirty-eight dollars. The inventory of the property was approved by the interdict at the time he was, it appears, sane. His insanity dates from a period long subsequent.

The widow was placed in possession of the portion of her husband's estate as usufructuary after having furnished bond, in a sum about equal to the value of the late husband's share and afterward she bought certain interests of the heirs of her late husband, but did not buy any interest from Anselme Sallier. A short time after the death of Mrs. Sallier her will was probated and Judge G. A. Fournet, whom she had named as her executor, qualified. An inventory of her property was taken, showing assets to the amount of twenty-two thousand four hundred and seventy and 44-100 dollars. Her legatees were placed in possession of the property, and after due administration the executor was discharged.

In the year 1889 Joseph W. Rosteet, one of the legatees, and the heirs of Arthur Rosteet (the other legatee, deceased), alleged that they were co-proprietors with Anselme Sallier of property, real and personal,

and that there were claims and accounts between them which required adjustment and settlement, and that they were desirous of partitioning the property held in common. They alleged that Anselme Sallier was insane and unable to administer his property; that he should be interdicted and a curator appointed. They asked for citation to issue for the appointment of an attorney to represent him. They further asked for his interdiction and for a curator to represent him. The required formalities were complied with. Sallier was interdicted, and Joseph L. Ryan was appointed his curator, but he did not qualify as curator. J. H. Sallier was appointed under curator.

Thereafter these parties presented another petition to the court in which they alleged that Anselme Sallier, defendant in their suit for a partition, had no curator, and that a special curator should be appointed to represent him. We have already stated that Ryan had failed to qualify. A special curator was appointed and qualified.

Plaintiff in his petition, with reference to the interdiction, and the appointment of a special curator, alleged in the suit now before us for decision, that no curator *ad hoc* was appointed to represent the interdict; that the special curator cited had "no authority to stand in judgment in the partition suit, and in consequence that the interdict was not a party." No good reason was urged which would warrant us in setting aside the proceedings upon the ground that the special curator did not represent the interdict. He had been, as we think, regularly appointed. An interdicted person, who has no curator, may be represented in a partition by a special curator.

With reference to the word "special," as used, instead of *ad hoc,* we can only say that to us the translation "special" and the original "*ad hoc*" have very much the same meaning. In decisions they are used indifferently, as in the decision in Hansell vs. Hansell, 44th Ann. 548, for instance.

We will say, further, in regard to parties in proceedings looking to a partition of property that one cannot be compelled to hold property in indivision. The right cannot be impaired by the refusal of the regularly appointed curator to qualify. It follows after a reasonable time has expired after the interdiction, if the curator appointed fails to qualify, a special curator may be appointed. The person of the interdict is like the minor under a tutor. The rules governing in matter of the interest of each are very similar. C. C. 415. "In emergency, the

probate court may appoint a curator *ad hoc,* or a special curator to represent a minor" or interdict. *In re* Minor Fortier, 31 Ann. 51.

A "special tutor or curator may be appointed to represent a minor or interdict." C. P. 195. See also Article 116, C. P.

The following is, in substance, another of plaintiff's grounds: That no legal partition has been made, and the heirs continue to hold the property in indivision.

One of the complaints urged by plaintiff in support of this attack is that the estate was a whole thing in itself, and that a final partition could not be made of less than the whole; that specific property could not be selected for the partition. We glean from the record that the testatrix, Mrs. Joseph Charles Sallier, did not inherit property from her husband. She received one-half as survivor in community, and was recognized as entitled to the usufruct of the other half. During her usufruct she bought all of her late husband's interest as owner of the property of which she had the usufruct, except only such interests reserved in property to which we will hereafter refer, except also the interest of plaintiff.

It follows that the property passed out of the possession of the succession of Joseph Charles Sallier into the possession of the Rosteet legatees, who were not parties to any act looking to the settlement of his (Joseph Charles') succession. They stood in the position of third persons to that estate and owned the property in indivision· with Anselme Sallier, an heir of this succession, whose interest in the property is quite limited. They, it is true, are answerable for the debts and obligations of the succession of Mrs. Joseph Charles Sallier, but we do not find it possible to hold that they must be made to return all of their property to the succession of Joseph Charles Sallier in order that the succession may be restored to the condition of an entirety. The heirs sold their rights and divested his succession of the entirety for which his one heir, i. e., the plaintiff, contends. Beyond all question, the Rosteets are the owners of all the property left by Mrs. Joseph Charles Sallier, and that includes everything, except a small fractional interest of plaintiff which passed to these legatees subject to whatever right this plaintiff may have, and it may be that there are small balances due some of the heirs, although we understand the settlement with all the heirs is full and complete. There is no necessity of constituting a whole or an entirety as relates to the succession of Joseph Charles in

order that plaintiff may recover that which can as well be recovered in a direct action against the Rosteet legatees. Besides, when the property has been sold to effect a partition, the partition will not be rescinded by reason of the discovery made since the partition of the omission of property of insignificant value. Woolverton vs. Stevenson, 52 Ann. 1147.

Considering that the interdict cannot be held to have been in any way prejudiced by the proceedings of which his legal representative complains and that he has all of his rights unaffected, and that he can proceed and hold those legatees for whatever interest he may have which is in their possession or for which he may be accountable, we pass to a consideration of other objections urged.

They are that the community was not liquidated and that the rights of the late Mrs. Sallier and of the heirs of Joseph Charles Sallier in the latter's estate, have never been fixed. That no sale was made of the property, either public or private; in fine, that the nullity is complete and absolute.

. It must be borne in mind that the widow went into possession of the property as owner of one-half and usufructuary of the other. We return to a consideration of the sale of the interest of the heirs to Mrs. Sallier to which we have before referred. There are a number of these collateral heirs, not one of whom, except plaintiff, is complaining. They have signed receipt in full and others have reserved some claims.

Plaintiff seeks to avail himself of the rights, whatever they may be, of those parties in order to urge that the succession of Joseph Charles Sallier is not settled. This, in the order of things, plaintiff has no right to do. The property has passed from the succession in question to his widow more than twenty years ago. We do not think that issues can be re-opened as relates to uncomplaining heirs, whose interest plaintiff has no right to champion. "If plaintiffs obtain all they are entitled to, they have no legal concern as to how the other parties to the litigation may settle their relative differences." Benton & Milliken vs. Sentell, 50 Ann. 869.

Plaintiff says that he had an interest in re-opening the settlement as made. We have not found how that interest arises. If the sale for a partition is legal, he must then look to the proceeds and not to another administration of the succession and sale of the property. The parti-

tion was, at least, provisional. To the extent that property was divided, it was binding. If the "partition is only considered provisional, it is not necessary to sue for a rescission of it, but a *new* partition may be demanded." C. C. 1400.

Considered in the light of a provisional partition, the fact that property has been omitted and rights overlooked would afford no good ground to set it aside. "The mere omission of a thing belonging to the succession is not ground for rescission, but simply for a supplemental partition." C. C. 1401. The necessity of making a new partition of property omitted would not then have the effect of invalidating an already made partition.

Plaintiff urges that the extent of his interest in the property sold to effect a partition is greater than plaintiff admitted in his petition for a partition. This defense cannot now be heard to set aside the partition which is now an accomplished fact. Those who buy at a sale for a partition cannot be made to incur the risk of nullity because an interest is alleged to be somewhat less than it really is. This question was considered in Choppin vs. Bank, 47 A. 660, in which the court held the parties bound by the issues as originally decided. . This court has said: "The partition as made would stand, though the two parties might have to adjust rights *dehors* the partition between themselves." Benton and Milliken vs. Sentell, 50th Ann. 869.

Plaintiff insists that the usufructuary and the heirs of age, the minors and the interdict should have been made parties in order to settle the rights of each and to liquidate the community. We have seen that the usufruct of the widow was brought to a close by her death, and we have already said that defendants are bound for whatever obligation was incurred by the testator to the heirs of her late husband.

With reference to community, we do not take it that the partition would prevent plaintiff from recovering any interest heretofore unsettled.

Stress is laid by plaintiff upon the fact that the succession of the husband had been accepted by plaintiff and the minor heirs with benefit of inventory. This fact cannot be urged with good reason against defendants, who were not heirs of the husband and who have had naught to do with the settlement of the succession.

Assuming that the late Mrs. Sallier and her legatees owed a settle-

ment to the interdict of the community and of the usufruct, it does n t follow that the partition is a nullity.

With reference to the fact that the partition was accepted by defend·ants with benefit of inventory, that mode of acceptance can scarcely be of any avail to him after property of a succession has gone into his possession by the effect of a decree of the court regularly rendered, ordering that it be sold to effect a partition, and after it has been regularly sold in proceedings to which he was a party.

Plaintiff insists that the action of partition should have been brought against all the heirs of the husband and should have been for the par·-tition of the whole estate. We have heretofore stated that the value of the real estate, as compared with the cash on hand and other movable property, was limited. Plaintiff in the proceedings for partition, de-fendant here, held the receipts of all the heirs covering all interest they had in the land, for the reservation contained in some of these receip*s referred to other property than lands. Having this muniment of title, there was no good reason requiring them to go to the expense of making heirs parties who had no remaining interest in the land. The only one who had given no receipt was the plaintiff here. They properly pro·ceeded against him to put an end to the indivision.

Now with reference to the entirety of the succession, and the asserted necessity of settling this succession as a whole, these defendants who were not heirs cannot be expected to reinstate the entirety of the suc-cession in order to enable them to put an end to an indivision of prop-erty nearly all owned by them. They proceeded properly, as we think, against the heir in possession, who raised no objection.

It is now too late to annul a final decree of partition and order prop-erty owned by persons who are not heirs to return the property to the mass. The defendants are protected by the act of partition in which plaintiff has acquiesced for more than five years. If there were infor-malities, not of substance, they are cured by the prescription of five years duly pleaded. Linman vs. Riggins, 40th Ann. 761.

Another ground of objection urged by plaintiff is that a new inven-tory and appraisement should have preceded the partition and should have been the basis of the judgment of partition. This heretofore has not been considered a fatal irregularity. Bayhi vs. Bayhi, 35 Ann. 530.

An inventory was taken which was approved by plaintiff's ward be-fore he had become insane. A settlement, out of court it is true, was

made on the inventoried value of the property. This was accepted by plaintiff's co-heirs, who continue to treat it as just and correct. The immovables were disposed of in partition and against the former curator of the heir. Years have elapsed. We find no law or authority to reopen a succession after these many years.

We grant, only for the purpose of illustration, that from this date the succession of the husband is reopened in accordance with plaintiff's petition. The uncomplaining heirs are called before the court. It suggests itself: *qui bono?* They cannot be held bound for the acts of the usufructuary. They cannot be made to pay the cash forming part of the assets which they have not received, and to find property of the community of a succession opened in 1880, and which passed into the hands of the usufructuary.

As relates to the form of the transfer made by the Sallier heirs to the surviving widow in community, it gives no good ground for plaintiff's complaint after these many years. The other parties, *i. e.,* the Rosteet legatees, not being heirs, they can be proceeded against only to the extent of their indebtedness. This can and should be done without reopening the succession.

Again, with reference to the partition, another issue raised in attacking its validity is that a family meeting held without special reference to a succession sale, cannot legally advise the sale of an hereditary right of the minor or the interdict. If we correctly seize this contention, it is based on the fact that a family meeting recommended the sale for cash of different pieces of land in which the interdict had an interest. A portion of the land was owned by defendants independently entirely of the succession of Joseph Charles. There could be no good reason not to sell them on the separate advice of a family meeting held in the interest of the interdict, *i. e.,* separate from the proceedings in settlement of the succession of the late Joseph Charles.

Plaintiff urges that a branch of his co-heirs, the Pithon, are not bound by the proceedings of a family meeting held in their behalf by reason of the fact that they are null and void. That would in all probability have been a good ground before irregularities have become cured by time. It is now too late, parties have acquired rights, and that which was at one time informal perhaps, has become formal or at any rate must be considered until the parties in interest choose to raise the issue.

We have carefully examined every issue raised by the pleadings. While they would have presented good ground if timely urged, after these many years we do not think they should be re-opened, as it is not apparent that plaintiff has any right entitling him to have a succession reopened in which he is only one of many heirs, in order to enable him to bring into court the two defendants who are not heirs.

The judgment of the District Court reserves to the plaintiff all rights needful to enable him to recover all amounts due him, under the views herein expressed.

The law and the evidence being with the defendants, it only remains for us to affirm the judgment.

It is ordered, adjudged, and decreed that the judgment appealed from is affirmed.

Rehearing refused.