BREAUX, C. J.
This is an action to annul proceedings in matter of the settlement of the succession of Joseph Charles Sallier and for a partition. Joseph Charles Sallier died intestate.
Nearly all the property left at his death was community property.
Mrs. Sallier retained one half of the community in her own right, as she was entitled to do, and the other half as usufructuary, and as usufructuary she furnished the required bond.
She was on good terms with the heirs of her husband, his nephews and nieces. He left no descendants or ascendants. They parted with the interest in the property left by Joseph Charles Sallier.
The tutrix of Rhoda and Nora Pithon, viz., Mrs. West, alleged in a petition to the court that the widow in community, Mrs. Joseph Charles Sallier, and usufructuary, moved by regard and affection for the heirs of her deceased husband, Joseph Charles Sallier, “on condition that the said heirs agree to an amicable and private partition and settlement of the community property to forego her claim of usufruct; * * * that in such case it is necessary that your petitioner he duly authorized to represent said minors in said private and amicable settlement of said community and of the. succession of Joseph Sallier with their coheirs and the said widow'.”
She asked to sell the property at private sale.
*63 A family meeting was ealled. They recommended a private sale to effect a partition, and their recommendation was approved by the court, and the property was accordingly sold.
The deed of sale was a sous seing prive (private act), signed by the parties and two witnesses.
In the year 1896 one of the witnesses appeared before a notary, and swore that he saw the parties and the witnesses sign this private act.
The tutrix signed another receipt in the year 1885, in which she acknowledged to having received all balance due.
These instruments showing transfer were objected to by plaintiff’s counsel on the ground that they had not been authenticated, and were not proof of themselves to render them admissible in evidence.
The court overruled the objections, and held that they were admissible, and they were admitted.
In a technical point of view the ruling is not sustainable.
The execution of the instrument should have been sustained by testimony de hors the deed. Reynolds v. Stille, 14 La. Ann. 607; Patterson v. Landru, 112 La. 1070, 36 South. 857.
Per contra, defendants, in support of their contention that the documents in question were properly before the court, referred to plaintiff’s petition, in which they referred to these deeds of transfer, in which they, by their allegations, attacked them on certain grounds, but said not a word as relates to their inauthenticity. On the contrary, the allegations to some extent recognized their validity.
Moreover, defendants alleged that the mother and tutrix of plaintiffs had a settlement in 1898, and receipts were executed by plaintiffs in settlement of all claims.
Each of the plaintiffs testified in this case, and neither said anything to impeach these receipts. They were admitted in evidence without objection. They substantially recognized the prior deeds of transfer before mentioned. Again, the suit in Sallier, Interdict, 108 La. 378, 32 South. 383, was admitted in evidence.
Mr. G. A. Fournet, as a witness in that case, identified the receipts in court, proved their genuineness and their absolute verity in every respect.
The foregoing are the facts which present themselves for consideration on this point.
While adhering to our view in regard to the inauthenticity of the transfers and receipts originally, we are convinced that subsequent testimony proved them up completely.
Leaving this point, we will say here that Mrs. Joseph Charles Sallier survived her husband about nine years. It is also a part of the ease that over ten’ years elapsed from the date the younger of the plaintiffs became of age to the date that this suit was filed.
Many years after they had become of age they receipted to their moiher for all sums she had received for them, including, of course, the amount she had received 'for them from the succession of Joseph Charles Sallier.
The least that ifiaintiffs can do is to offer to return this last amount to defendants, who are the legatees, with right to receive it.
After minors become of age they must be held to their contracts in the same way as all persons of age. They cannot recover property and retain the price which they acknowledge to have received; that is, properly received by their tutor and turned over to them after they had become of age.
If they should retain the amount and recover the property which they claim, they would be in the attitude of receiving something for nothing, and the defendants of parting with their own without having received *64 anything in return as a consideration. Poche v. New Orleans Home Inv. Co., 52 La. Ann. 1287, 27 South. 797, citing authorities, is in point.
Besides, plaintiffs were of age, and capable of contracting. They could sell anything they owned without the aid of court. They bound themselves voluntarily, and will have to remain bound until they allege and prove ground sufficient to set aside the act of transfer.
We will go a step further, and hold that the proceedings of a family meeting and a private sale made to effect a partition, as relates to form, over 10 years having elapsed from their date to the day suit is filed to set them aside, are at leást prima facie valid. A partition of property by private sale of minors’ property may he made. James v. Meyer, 41 La. Ann. 1100, 7 South. 618.
This private sale for a partition has all the elements needful to have( it considered legal.
The principal complaint is that the tutrix, when the family meeting was held, went no further than to dispose of the interest of the minors in certain specific property, but that they did not attempt to partition the estate.
It is late in the history of the case on the part of these plaintiffs, after haying received the proceeds of the sale, as before mentioned, and after many years had elapsed, to raise the question of nullity.
The sale was not of specific property, separate and apart from the right of heirship.
Moreover, the heirs have all been paid. If there was any property left out, if other claims are due which should have been brought into the settlement, the testimony •does not show it; but, if there were, plaintiff’s right to sue, if any he has, is reserved.
Again, the mere omission of a thing belonging to the succession from the partition is not ground for rescission, hut simply for supplemental partition. Civ. Code, arts. 1380, 1401.
• This was the view expressed in Wooiverton v. Stevenson, 52 La. Ann. 1147, 27 South. 674.
•The prescription of ten years pleaded, in our view, cures the informalities urged. All inquiry as to their validity is barred by the prescription of five years. Vaughan v. Christine, 3 La. Ann. 328.
The plea of prescription of ten years is equally as applicable to all questions here. Cochran v. Violet, 38 La. Ann. 525..
Sallier, interdict, another of the heirs of the late Joseph Charles Sallier, through his curator, practically another party plaintiff, although he appears in the suit as defendant, answered, and pleaded as the plaintiffs had pleaded. He urges that plaintiffs’ grounds are well founded, and that he also is entitled to a judgment setting aside the proceedings.
The issues, as relates to all the heirs of said Sallier, are practically the same, so that passing upon the claim of one of these hgirs disposes of the case.
We have already considered and passed upon the claims of Sallier, Interdict, 108 La. 378, 32 South. 383. We adhere to our opinion heretofore handed down.
The judgment appealed from is affirmed.