The opinion of the court was delivered by
Watkins, J.
This controversy is raised on a rule taken by Solomon Reinach and Santo Oteri, as adjudícateos at public auction of the property in controversy to test the validity of the titles thereto.
It was tried in the lower court upon an agreed statement of facts, and on the trial there was judgment in favor of the bank commissioners condemning the plaintiffs in rule to accept title and complete-the adjudication by paying the purchase price.
We make the following extract from the brief of the bank commissioners, viz.:
“ By agreement of counsel in transcript it is admitted:
“ 1. It was admitted in open court on the trial of said rule, and is now admitted as a fact, that the title and possession of plaintiff in rule has been tendered to said defendants in rule in the property involved in said rule for the price therein named, and on the terms and conditions set forth in the order of sale directed to plaintiffs in rule by the court herein, as to all rights in the property in plaintiff in rule by the conveyances and chain of title dating from the acquisi *1429 tion of the said Warner Van Norden from John W. Bailey under title by notarial act, and possession duly registered in the conveyance office, dated the 9th of November, 1868.
“ 2. That the issue submitted to the lower court, and now appealed to the Supreme Court for determination, is based upon the title and possession obtained by said John W. Bailey under deeds to him hereinafter referred to, and to be copied into the transcript ef appeal.
“ Your Honors thus find that the issue is very narrow.
“It is admitted that all sales and conveyances from the 9th of November, 1868, a period of nearly twenty-eight years, and free possession during that period of time in the bank, and its authors of title, were properly registered, and are correct in law and fact.
“ It is denied that the title acquired on the 9th of November, 1868, from-John W. Bailey, who had acquired under two different deeds, the one of 10th November, 1845, and the other of the 25th of February, 1859, are titles good in law, but are subject to the right of revocation by the forced heirs of the donors in said acts.
“ Let us refer to those deeds.
“The first is found on pages 19 to 25, and recites that the deed was executed in the city and State of New York by the co-heirs o John Q. Bailey to their other co-heir of John Q. Bailey, namely’ John W. Bailey. It is in the form of a common law deed, and recites the consideration to be natural love and affection, and the sum of ten dollars in hand paid, and for which they give and grant a quitclaim to their brother and co-heir, of their rights in the property, inherited from the said John Q,. Bailey.
“The next deed is likewise made at common law in New York City, under date of the 25th of January, 1859, and that purports to be a deed of sale from the children of John W. Bailey, of their rights of inheritance from their mother, his deceased wife, in and to the property which had been acquired theretofore, on the 10th of November, 1845, during the marriage existing between the father and mother. The consideration named is one dollar, cash, and other considerations not named.
“ These deeds are of frequent occurrence in our Sfate, but more frequently arise in the other States of the Union. They can not be assailed there as to legality, nor here as to legality of form, the latter not being objected to.
*1430 “ Counsel for defendant in rule and appellant contend that the consideration as stated does not constitute a consideration under the laws of the State to divest title of the co-heirs of John W. Bailey in and to the succession of John Q,. Bailey in 1845, and therefore their rights not having been taken away, any children that might have been born of them since that time have inherited such rights. In like manner that the rights of the children of John W. Bailey, in his wife’s, their mother’s estate, likewise exist for like reason. We are at a loss to find upon what authority the pretensions of the defendant in rule are based.”
We have included with the statement of facts an explanatory statement of counsel so as to give, as we conceive, an accurate view of the situation.
The question is made to turn upon the validity of a deed derived from John W. Bailey made in 1868; and it is alleged to depend upon two prior deeds executed in the city and State of New York— the contention on the part of plaintiffs in rule being that same are donations, while that of the bank commissioner is that they are common law deeds evidencing sales of the property.
The claim and pretension of the plaintiffs in rule, predicted upon the theory that said instruments are donations inter vivos in the estimation of our law, are that they are subject to revocation by the forced heirs of Bailey and the donors in said acts, and that the title by adjudication at public auction is questionable, and that they can not be compelled to accept it.
Accepting the theory of the counsel for the plaintiffs in rule as the correct one — but which we regard as open to very serious question— the fatal defect, apparent upon the face of the proceedings, is that there is no suggestion of their being in esse or in posse any forced heirs in whose favor such right of revocation exists or is likely to arise. Consequently we can not regard this case as presenting such a real, substantial issue as this court is called upon to decide. Gui bono. Our judgment would not free the title of any latent ambiguities or defects nor bind and conclude possible heirs.
We must decline to pass upon the issue tendered.
Judgment affirmed.