BLANCHARD, J.
This case is before the Court on a motion to dismiss the appeal.
The plaintiff originally sued the defendant to compel her to take title to certain real estate which she had bargained to buy.
There was judgment ordering her to comply with the agreement to purchase and to pay the purchase price, $3,300.00.
From this judgment she took an order for a suspensive and devolutive appeal, and five hundred dollars was fixed by the trial judge as the amount of the bond to be given for the suspensive appeal. This bond was executed and the transcript of appeal was filed here on November 3, 1902, bearing the number 14,632 on the docket of this Court.
On November 19, 1902, the plaintiff took a rule in the District Court on the defendant to show cause why execution should not issue on the ground that no suspensive appeal bond had been given in accordance with law; *496 that the bond for $500.00, though given on the order of the trial Judge, did not suffice to suspend the execution of the moneyed judgment which had been decreed against the defendant.
The motion was that the order of appeal, in so far as it allowed a suspensive appeal, be set aside and plaintiff be decreed entitled to execution forthwith.
After hearing had contradictorily between the parties, there was judgment making the rule absolute and ordering execution to issue.
Whereupon defendant applied for an appeal, suspensive and devolutive, from this judgment.
Plaintiff resisted the granting of the suspensive appeal, but the judge ruled against him, and the appeal thus taken is the one now before us.
It is met here by a motion to dismiss.' One ground of the motion is that the judgment appealed from was an interlocutory decree and no irreparable injury being alleged no appeal lies.
The judgment appealed from hardly comes within the definition of an interlocutory judgment as laid down in Code Prac. art. 538, and as set forth in Cary v. Richardson, 35 La. Ann. 506, 507.
Another ground of dismissal urged is that there was no authority in the court a qua to fix the amount for a suspensive appeal from a moneyed judgment.
True, there is not, but where the amount for which an appeal bond is to be given, written in the order of appeal, is equal to that which the law requires for a suspensive appeal, the fact of such amount having been written in the order furnishes no reason for dismissing the appeal.
Still another ground averred for dismissing the appeal is that as judgments on rule need not be signed, delays for appeal therefrom, if allowable, date from their rendition, and, so computing, the appeal in this instance is not timely.
We find from the record that the judgment on the rule was rendered December 12, 1902. Defendant, on December 18th, filed a motion for a new trial. This was considered and overruled (date of the overruling not given) and then the judgment on the rule was written up and signed December 23, 1902. Nothing in the record shows otherwise than that the new trial was refused the day the judgment was signed. No right of appeal accrued until the motion for new trial was disposed of. The appeal taken was, on the authority of Tupery v. Edmondson, 29 La. Ann. 850, timely.
The remaining ground presented for dismissal is that the court a qua was without authority to grant an order for a suspensive appeal from a decree awarding execution for the reason that a previously taken suspensive appeal had not been timely perfected.
This contention seems to be negatived by what this Court said in State Ex Rel. Gill v. Tissot, Judge, 34 La. Ann. 91, 92.
While not committing ourselves fully to the dictum of the Gill case, we give it sufficient weight to deny dismissal of the present appeal, especially in view of the fact that an appeal on the case proper is pending, and shortly to be reached, which will bring before the Court the controversy between these parties on the merits.
In Grubbs v. Pierson, not yet decided on the merits, it was said:—
“Unless it be very evident that the appeal should be dismissed on the ground averred, action on the motion to dismiss will be deferred until the case is examined on the merits, and then, if good grounds are shown to dismiss the appeal, it will be dismissed.”
It is not “very evident” that this appeal should be dismissed on the ground last noted above, and we reiterate, in this connection, what was said in Succession of Fortier, 51 La. Ann. 1563, 26 South. 554, that the Court “is reluctant to dispose of the rights of parties upon questions of law raised in limine on motions to dismiss appeals.”
We deem it more prudent to deny, for the present at least, the motion to dismiss this appeal and to refer the same to the merits, and to order the appeal under the present number consolidated with the other appeal pending under the same title and between the same parties.
It is, therefore, ordered that the motion to dismiss the appeal, as to all grounds save that last referred to in the opinion, be denied, and that action on the motion as to the said last ground be deferred until the case is examined on the merits, and that the case as presented in the transcript of this appeal be consolidated with the ease as presented in *498 transcript No. 14,632 on the docket of this Court — the two appeals to be tried together as one case.

On the Merits.

This is an action to compel acceptance of title to immovable property.
Defendant submitted a proposition in writing to purchase, which plaintiff accepted in writing.
The price to be paid was $3,300.00 cash, of which sum defendant deposited ten per cent, down, as earnest money, pending examination of the title and preparation and execution of the act of conveyance.
Having caused examination of the title to be made, defendant declined the sale on the ground of alleged defects in the title.
The judgment of the court a qua was in favor of the plaintiff, ordering defendant to accept the title and to pay the remainder of the purchase price with interest.
She appeals.
Ruling— Plaintiff submitted a complete chain of title, and proved tender of title to defendant.
There was no evidence submitted on part of defendant. She relies on the insufficiency of the title set out by plaintiff.
Her first contention is that the proceedings taken in the Succession of Catherine Reinhardt, widow of Paul Pfaefflin, No. 57,285 on the docket of the Civil district Court, Parish of Orleans, and the proceedings taken in the partition suit of Bertha C. Pfaefflin, wife of H. W. Frye, vs. Clara Pfaefflin, widow of Jno. G. Frye et als., No. 58,589 on the docket of said court, and the judgment rendered therein, are irregular and not in accordance with law.
The court proceedings referred to form part of plaintiff’s chain of title.
Wherein they are defective, or irregular, is not pointed out. Defendant contents herself with the vague, general averment of defectiveness.
This is not sufficient. The Court is under no obligation to even examine the record of the proceedings on such an averment, and we decline to do so.
If defect there be therein, it should be specifically pointed out.
She next contends that Mrs. Helen O. Hynson, widow by first marriage of S. A. Rhorer, and by second marriage of Henry Leckie, acquired the property by donation in August, 1858, from her father, Robert C. Hynson, and his wife, Mary Hunter; that the act of donation recites there are other heirs of the donors beside the donee; and that she fears the title, descending through this act of donation, may be unsafe as infringing the legitime of forced heirs, etc.
With regard to this, it is established that both the donors are dead; that they died one in the year 1875, the other in 1876; and that their successions were opened in the Parish of Rapides, where they had lived, and closed by judgment dated January 16, 1879, sending the heirs, all of whom were then majors, into possession.
This was three years after the death of one of the donors and nearly four years after the death of the other.
Defendant urges, as to this, that the title is defeasible because the record does not show there were no minors, the heirs of the heirs of the donors, who might reduce the donation because intrenching upon their legitime.
Plaintiff having shown that all the heirs of the donors were of age when put into possession twenty-five years ago, and that at that time three of the five years accorded by law within which actions may be brought to reduce excessive donations had elapsed, it was incumbent on defendant to show, if such were the fact, the existence of minors — being heirs of the heirs of the donors — as to whom prescription for the remaining two years had been suspended, and from whom danger to the title tendered might be apprehended.
One refusing to accept title must show some substantial, threatening danger, and not a mere remote possibility. Woolverton v. Stevenson, 52 La. Ann. 1147, 27 South. 674; Louisiana Savings Bank in Liquidation, 48 La. Ann. 1428, 20 South. 909.
Defendant next and lastly contends that the property had been the subject of donation by Mrs. Helen O. Rhorer, widow, to her daughter Mary Catherine Rhorer, and that she apprehends danger to the title tendered may arise out of that circumstance.
This donation was made in 1869. The donee was at the time a minor of eight years *500 of age. The donation was accepted for her by a tutor ad hoc.
The act of donation recites that the property donated, valued at $4,000.00, was intended as an advance to the donee out of the estate of the donor.
Fifteen years later, to-wit: — in January, 1884, after Mary Catherine Rhorer had become of age and while still unmarried, she and her mother joined in an act of formal revocation of the donation made to the former in 1869. This was nineteen years ago.
If, as defendant contends, the revocation is to be viewed as nothing more than a donation from the daughter to the mother, there was nothing in the way of the daughter, of full age and unmárried, making a donation of the property to her mother, and the effect of the act, whether it be looked upon as a rescission of the former donation from the mother to the daughter, or as a new donation from the daughter to the mother, was to re-invest indefeasible title to the property in the mother.
If it were a mere donation, the subsequent marriage of the donor, Mary C. Rhorer (if she did marry), and the birth of children of that marriage, could not affect the title. Such children could have no eventual right upon the property.
When an unmarried person of full age and otherwise capable of contracting, makes a donation of real property to another, and, later, marries and children are born of the marriage, such children, after the donor’s death, have no recourse upon the property so donated on the plea of the impairment, by the donation, of their legitime as forced heirs. Woolverton v. Stevenson, 52 La. Ann. 1153, 27 South. 674. Aliter, if the donation were made subsequent to the marriage from which they sprung and their legitime were impaired by it.
So that the status of Mary C. Rhorer subsequent to the act of revocation is of no concern in the case.
But is the act of revocation to be viewed as a mere donation?
The question is answered in the negative by the decision of this Court in Scudder v. Howe, 44 La. Ann. 1107, 1110, 11 South. 824. See, also, Civ. Code, art. 1559, par. 4.
Judgment affirmed.