No. 3710.

(Court of Appeal, Parish of Orleans.)

THE CENTRAL MANUFACTURING AND LUMBER CO., LTD., vs. ARMAND DARCANTEL, et al.

Appeal from Civil District Court, Division "A."

Henriques and Duchamp, for Plaintiff and Appellant.

Clegg and Quintero, for Defendant and Appellee.

Moore, J., dissents.

1. The rule of law that parol evidence may sometimes be allowed to correct errors in a writing applies to the original parties or their representatives or privies, and has no application to strangers.

2. It is the policy of our law and jurisprudence to permit a stranger to a writing to attack it for their own protection, and it is equally logical not to permit a change by parol in such writing to the detriment of their own interest.

DUFOUR, J. This suit is by a furnisher of materials, used in building a house, valued at the sum of $265.95, and is aimed at the owners on the ground that they did not properly give the bond required by law under the Act of 1894.

The bond and contract which it secured were recorded together on August 13th, although they show on their face that they were signed on August 5th.

The defendants, alleging error in their answer, offered testimony to prove that the documents were only signed on August 13th, and the question before us is whether or not the error in the date could be corrected so as to affect the material man.

We need not discuss the rule as between the original parties, but may consider alone its effect on third parties.

In the present instance, the date is of the essence of the matter, because if the contract and bond were, as they show, signed on the 5th and recorded only on the 13th, under the terms of the

444

Act of 1894, the owners have failed to record one week after signing, and are hence personally liable to the owner, a third party.

The section of the Am. and Eng. Eyc., La. 2nd Ed., Vol. 21, p. 1102, invoked by defendants to justify their offer, states very clearly that the rule applies to parties or representatives or privies and has no application to strangers.

If the rule were otherwise, collusion on the part of the original parties might frequently destroy the rights of third parties based on writings, by the introduction of parol evidence.

It is the policy of the law to permit strangers to a writing to attack it for their own protection, and it is equally logical not to permit a change in such writing by parol to the detriment of their own interest.

Such is our understanding of our jurisprudence.

In 52 An. 967, the Court said:

"But if by error, or ignorance of the law, one has done himself a prejudice which cannot be repaired without breaking in upon the right of another, the error shall not be corrected, to the prejudice of the latter."

This view was approved in 110 La. 493.

In 110 La, the Supreme Court said:

"The Court therefore recognized the doctrine that whilst error in description may be corrected, as between the parties to the act, in which they appear, a very different case presents itself when a third person has in the meantime acquired right which might be prejudiced by such correction."

See also 95 U. S. (5th Otto), 16.

There is no question presented by the pleadings or the admissions which constitutes the whole testimony, as to whether plaintiff acted on the faith of the records as registered. The only

445

question is as to the personal liability of the defendants in consequence of their failure to give a proper bond.

On the face as registered, they fastened personal liability on the owners.

The evidence to change the date should have been excluded.

Judgment reversed, and judgment is now rendered in favor of plaintiff and against defendants in the sum of $260.95, with legal interest from judicial demand, recognition of privilege, and all costs.