———————o———————

No. 6416.

### E. J. SEELY, ET ALS., vs. JOHN SEELY, JR.

#### Syllabus.

The adjudicatee who refuses to comply with his bid on the ground that there is a cloud upon the title must show that there is a substantial danger. Act 190 of 1904, p. 424, authorizes the appointment of a curator ad hoc in partition suits if it be made to appear that the residence of the defendant is unknown to plaintiff.

— 378 —

It is not necessary to appoint a curator to administer the property of an absentee when a suit in partition is brought against him; in such a case he is properly represented by a curator ad hoc.

The right of usufruct is lost by non usage during ten years.

The decree of partition protects a purchaser.

Appeal from the Civil District Court for the Parish of Orleans, Division "E," No. 108,045. Honorable G. H. Theard, Judge.

Chas. Louque, for plaintiff and appellee.

J. C. Henriques, for defendant and appellant.

D. H. Theard, attorney.

His Honor, CHARLES F. CLAIBORNE, rendered the opinion and decree of the Court, as follows:

This is a suit to compel the adjudicatee to accept title. The facts are as follows:

John Seely, Jr., was married to Mary Julia Ivy on October 5th, 1881.

On August 14th, 1888, the said John Seely, Jr., purchased a lot of ground which was the object of a partition suit in these proceedings.

The said Mary Julia Ivy, wife of John Seely, Jr., died intestate on October 27th, 1895, leaving as only heirs six children issue of her marriage aforesaid, who filed a partition suit against their father praying for the sale at auction of the above property.

The sheriff's return on the citation is that "after due and diligent search and inquiry I was unable to find John Seely, Jr., defendant herein, his domicile, his whereabouts or any one duly authorized to represent him.. I was credibly informed that he had left the State for parts

unknown for over 16 years and on same day posted a copy of within citation on the door of the room of Division "E," where this Honorable Court holds its sittings."

Plaintiffs filed the affidavits of two persons that "it is to their personal knowledge that John Seely, Jr., has left the city sixteen years ago and has never been heard from."

On motion of plaintiffs the Court appointed a curator ad hoc to represent John Seely, Jr., as an absentee.

Thereupon a citation was addressed to John Seely, Jr., and served personally on the curator appointed to him, together with a copy of the petition.

The curator answered that he believed the defendant was an absentee; that the share of petitioners in the property was subject to a usufruct in favor of defendant, and that the sale could only be made subject to that usufruct; that the petitioners had been in possession of said property since the death of their mother, and that the defendant was entitled to recover from them the value of the rent of said property from said death.

Upon the trial of the case one of the plaintiffs, Alvin Henry Seely, testified that he did not know exactly where his father was now, that he left his home here about eighteen years ago; that he disappeared in the year 1896, and that he never heard from him since his disappearance, that his father was 39 years old when he left home.

This testimony is corroborated by that of two other plaintiffs, Emile J. Seely and Ivy J. Seely.

There was judgment as prayed for ordering the sale of the property.

The adjudicatee refused to take title and a rule was taken against him to comply with the adjudication.

The adjudicatee answered:

1st. That the Court was without authority or jurisdiction to appoint a curator ad hoc to represent the said John Seely, Jr., defendant herein.

2nd. That if the said John Seely, Jr., was an absentee the Court should have appointed a curator to administer his estate.

3rd. "That the judgment herein rendered ordering a partition is null and void for the reason that the plaintiffs in the case were naked owners of one-half of said property; that the defendant was full owner of the other one-half and had the usufruct of the one-half owned by the plaintiffs during his natural life; that the plaintiffs had no right in law to seek a partition and the Court had no authority to render the judgment ordering the said partition and that the entire proceedings are null and void."

The rule was made absolute and the adjudicatee has appealed.

The governing principle in cases of this kind is that defendant cannot be made to comply when there is a cloud upon the title tendered him suggestive of litigation; in other words that the adjudicatee is entitled to a good and valid title which he may himself transfer to another without fear of refusal and without danger of warranty.

> 35 A., 570; 40 A., 571, 847; 41 A., 481, 1100, 1104; 45 A., 190, 1270, 1277; 47 A., 71; 49 A., 39; 46 So. Rep. 728.

But he must show that the danger is substantial.
> 52 A., 1155; 110 La., 498.

# I.

The foundation of the right to appoint a curator ad hoc to a defendant was his absence from the State.

C. P., 116, 948; C. C., 56 (57); 32 A., 887; 121 La., 277 (281).

But by Act 190 of 1904, p. 424, Article 116 of the Code of Practice has been amended so as to authorize the appointment of a curator ad hoc "in partition or expropriation suits, if it be made to appear by affidavit that the residence of the defendant is unknown to plaintiff."

A suit in partition is an action in rem.

122 La., 1043.

The "curator represents the absentee if alive, and represents the interests of the absentee in the property if he has departed this life."

122 La., 1040.

We conclude, therefore, that the Court had authority and jurisdiction to appoint a curator ad hoc to the defendant herein in this case and under the facts shown.

# II.

If an absentee can be cited through a curator ad hoc in a partition suit, it follows that it is not necessary to appoint a curator to administer his estate as provided by Articles Civil Code, 47 to 75. Article 56 (57) C. C., provides: "If a suit be instituted against an absentee * * * for the administration of whose property no curator has been appointed, the Judge before whom the suit is pending, shall appoint a curator ad hoc to defend the absentee in the suit."

44 A., 548.

# III.

The Supreme Court has decided that heirs of a deceased spouse, whose share is subject to the usufruct in favor of the survivor, under C. C., 916, have no right to demand a partition by sale of the property subject to the usufruct.

### Succession of Glancey, 112 La., 430.

Naked owners of property subject to a usufruct constituted otherwise might have the right to a partition.

### Maguire vs. Fluker, 112 La., 76.

But plaintiffs contend that if the defendant ever had a usufruct of this property he has forfeited it by non-usage during ten years.

The Civil Code provides:

### Article 618 (613):

> "The usufruct may be forfeited likewise by the non-usage of this right by the usufructuary or by any person in his name, during ten years whether the usufruct be constituted on an entire estate, or only on a divided part of an estate."

### C. C., 3546 (3511):

> "The rights of usufruct, use and habitation and servitudes are lost by non-use for ten years."

### C. N., 617, Section 4; 10 Demol., p. 601; Section 696, p. 606.

This author says:

> "In what case can it be said that the usufructuary has not used his right? This is principally a question of fact. There will be, of course, no doubt pos-

sible, if we suppose a complete abandonment and the absolute absence of every act of use or possession."

2 Aubry & Rau, Section 234, p. 510.
Baudry-Lac., No. 745.

The administration of the property and the collection of the rents by the grandfather and by one of the plaintiffs was for account of the heirs and not in the name of the defendant.

We, therefore, conclude that defendant has lost his right of usufruct.

But be that as it may, this question was raised by the curator ad hoc in his defense to the partition suit and passed upon by the Court below; the defendant was properly represented by the curator, and the judgment of the Court is binding upon him.

In the case of Covas vs. Bertoulin, 44 A., 683, the Court said: "The decree of partition protects purchasers," etc.

In Metropolitan Bank vs. Times-Democrat, 121 La., 547, the syllabus reads:

"A final decree of a competent Court in a partition suit (against absent defendants) concludes all parties on all questions of title raised or that might have been raised in the partition proceedings."

We believe a good and merchantable title has been tendered defendant and the judgment appealed from is therefore affirmed.

Judgment affirmed.

Opinion and decree, June 14th, 1915.

Rehearing refused, June 30th, 1915.