On Motion to Dismiss Appeal.'
 

 MONROE, C. .J.
 

 Plaintiff alleges that it entered into two contracts, in each of which defendants agreed to purchase for its account 500 tons of Java sugar of a certain grade, and for the purchase of each of which it caused the Whitney Central National Bank to issue a letter of credit to defendants, authorizing them to draw upon it for the price of said sugar, and that, although defendants failed to comply with said contracts, they drew certain drafts against said letters, and
 
 *873
 
 although the drafts were “refused payment, petitioner fears that payment will be made upon the credit of said letters, to its prejudice,” and that a writ of injunction should be issued to prevent such action.
 

 It is therefore prayed that the bank be enjoined from making such payments; that it and the named defendants be cited, and, after hearing, that there be judgment decreeing the contracts in question of no effect, and perpetuating the writ. The injunction was issued accordingly, but the defendants (Ham
 
 &
 
 Seymour) filed an exception of “no cause of action” directed both against the attack upon the contracts and the prayer for the injunction, which exception was overruled as to said attack, but sustained as to the prayer for the injunction, and the writ was dissolved, from which last-mentioned ruling plaintiff was allowed this appeal; and defendants now move to dismiss the same, on the ground that the trial court was without jurisdiction to issue the injunction, and that the effect of the granting of the appeal is to reinstate it.
 

 The generally accepted rule, in this state, is that a preliminary injunction should not be dissolved when its dissolution may work irreparable injury, and hence if that rule were always observed, a suspensive appeal would never lie from a judgment dissolving! an injunction, prior to a hearing on the merits, since such judgment is interlocutory, and appeals are allowed from interlocutory judgment only when they may work irreparable injury. C. P. 566; Schmidt v. Foucher, 37 La. Ann. 174; State ex rel. Sterken v. Judge, 37 La. Ann. 825.
 

 In this instance it is not alleged in the motion to dismiss, nor is it argued in the brief filed in support of that motion, that the loss which plaintiff may sustain by the dissolution of-the injunction is reparable (or that it may not be irreparable). The sole ground upon which the motion is based is that the injunction, as issued, was ■ and is void, because the court a qua lacked the jurisdictional authority to issue it and equally lacked the authority to maintain it, by allowing a suspensive appeal from the judgment of dissolution. But whether that ground is well taken is a justiciable question, which is subject to review on appeal, and is the only question which this appeal brings up, since it was the only question decided by the judgment appealed from.
 

 The ground upon which the jurisdiction of the trial court is denied is that the issuance of injunctions and other specified writs is prohibited by section 5242 of the U. S. Revised Statutes (U. S. Compiled Statutes, § 9834, p. 1599). In Pacific Bank of Boston v. George Mixter, 124 U. S. 721, 8 S. Ct. 718, 31 L. Ed. 567, it was held that the prohibition relied on applied to' the writ of attachment issued in that case, by virtue of which the property of a national bank was seized at the instance of an ordinary creditor, and the court used language which is perhaps susceptible of the construction that the prohibition applies to the issuance of such writs against national banks, under any circumstances, and whether for the seizure of the property of the banks or of third persons in their possession.
 

 In Earle v. Pennsylvania, 178 U. S. 450, 20 S. Ct. 915, 44 L. Ed. 1146, it was held that the prohibition of section 5242 did not apply to the issuance of an attachment with garnishment seizing the property of a third person in the possession of a national bank; and, in Van Reed v. People’s National Bank, 198 U. S. 559, 25 S. Ct. 775, 49 L. Ed. 1161, 3 Ann. Cas. 1154, it was said that the court found nothing in the case of Earle v. Pennsylvania which qualified the decision in the Mixter Case. Whether then the case here presented is within the doctrine of the Mixter Case, or the Earle or Van Reed Cases, or whether either of-those cases are applicable
 
 *875
 
 to the case here presented, is a question that is brought up by this appeal, and upon which appellant is entitled to a hearing upon its merits. State v. Marks, 30 La. Ann. 70; Baker v. Frellsen, 32 La. Ann. 822; Suc. of Baumgarden, 35 La. Ann. 676; Phillips v. Creditors, 37 La. Ann. 701; Pasley v. McConnell, 39 La. Ann. 1097, 3 So. 484, 485; People’s Brewing Co. v. Boebinger, 40 La. Ann. 277, 4 So. 82; Dreyfus v. Am. Bonding Co., 136 La. 491, 67 So. 342; Board v. Meridith, 140 La. 269, 72 So. 960; Citizens’ Bank v. Bellamy Lumber Co., 140 La. 500, 73 So. 308.
 

 The motion to dismiss is therefore
 

 Denied.