(104 So. 194)

No. 26892.

NORTON et ux. v. ENOS.

(March 30, 1925.  Rehearing Denied April 27, 1925.)

*(Syllabus by Editorial Staff.)*

1. Vendor and purchaser ⟨⟩130(2)—Sales; nonattachment of required certificates to sale, passed by notarial act in chain of title, held not to justify rejection of title.

That certificates of incumbrances and of nonalienation were not attached, as contemplated by Civ. Code, § 3364, and Rev. St. §§ 449, 2528, 2529, to sale, passed by notarial act and forming a link in vendor's chain of title, *held* not to justify purchaser's rejection of tender of vendor's title; the absence of such certificates not constituting a defect of title or an incumbrance.

2. Vendor and purchaser ⟨⟩130(2)—Sales; party refusing to accept title must show substantial threatening danger.

Party refusing to accept title must show some substantial threatening danger, and not a mere remote possibility.

3. Vendor and purchaser ⟨⟩130(4)—Sales; invalidity of ratification of judgment held not to justify rejection of title in absence of showing of probable defect in judgment.

That ratification in a sale constituting a link in the title tendered by vendor, of judgment in succession, under which distant grantors acquired title, was invalid under Civ. Code art. 2272, *held* not to justify rejection of title in the absence of a showing of probable defect in such judgment.

4. Partition ⟨⟩77(3)—Homologation of proceedings of family meeting composed of five members, though seven were appointed, held proper.

Homologation, on presentation to judge of procès verbal, of proceedings of family meeting composed of five members, and recommending private sale to effect partition, though seven were appointed, *held* within court's power, in view of Civ. Code, arts. 281, 284, 287.

5. Vendor and purchaser ⟨⟩148—Sales; tender of title, not made in presence of two witnesses, was invalid tender.

Tender of title, not made in presence of two witnesses, as required by Code Prac. art. 411, was no tender at all.

6. Costs ⟨⟩42(1)—Purchaser, refusing invalid tender of title, not chargeable with cost of futile effort to make tender.

Purchaser, refusing tender of title, invalid under Code Prac. art. 411, because not made in presence of witnesses, is not chargeable with the cost of a futile effort to make tender.

Appeal from Civil District Court, Parish of Orleans; E. K. Skinner, Judge.

Suit by Robert C. Norton and wife against Louis J. Enos. Judgment for plaintiffs, and defendant appeals. Amended, and as so amended affirmed.

Puneky & Barrios, James J. Landry, and Benjamin Y. Wolf, all of New Orleans, for appellant.

Henry W. Robinson, of New Orleans, for appellees.

OVERTON, J. Defendant entered into a written contract to purchase from plaintiffs a double cottage, located at 618 and 620 First street, in this city, for the price of $4,800, and, in accordance with the terms of the agreement, deposited with Ed Michelet, the real estate agent who was handling the matter, $480, to be applied on the purchase price, and agreed that plaintiffs should have the right to enforce performance of the contract. Defendant later refused to comply with the contract, on the ground that the title to the property, tendered by plaintiffs, was defective, and not merchantable. Plaintiffs then instituted this suit, praying that defendant be condemned to accept title and to pay the balance of the purchase price, together with $20, the cost of making tender of title, and, in the alternative, for judgment forfeiting the amount deposited by defendant, and for the cost of the tender made.

When defendant refused to accept the title tendered him, he stated, in writing, seven grounds for his refusal. Four of the seven have since been abandoned. Those still insisted upon will be stated, as we reach them, in the course of this opinion.

[1] The first objection to the title is that there are no certificates, in the name of the Crescent Building & Loan Association, annexed to the act passed before E. M. Stafford, notary public, on August 17, 1923. This is the act by which one of the plaintiffs, Mrs. Norton, acquired title to the property. The act is a notarial one, and there is no certificate attached to it, made by the recorder of mortgages, showing whether or not there were any incumbrances on the property, in the name of the Crescent Building & Loan Association, the vendor therein, at the time the act was passed; nor is there any certificate, attached to the act, made by the register of conveyances, showing whether or not the property had been previously alienated by the Crescent Building & Loan Association, though the act recites that both certificates are attached thereto.

Based upon the foregoing statement of facts, the question is presented whether the failure of the notary to attach the certificates mentioned is such an objection to the title tendered as justifies defendant in rejecting the property.

Article 3364 of the Civil Code provides that:

"Every notary who shall pass an act of sale, mortgage or donation of an immovable, shall be bound to obtain from the office of mortgages of the place where the immovable is situated, a certificate declaring the privileges or mortgages which may be inscribed on the object of the contract, and to mention them in this act, under penalty of damages towards the party who may suffer by his neglect in that respect."

Section 449 of the Revised Statutes provides that:

"The parties to a notarial act may, by written clause in the act, dispense with the certificate of mortgage required by article three thousand three hundred and twenty-eight [present number 3364] of the Civil Code, and the notary or parish recorder shall not in such case be entitled to charge for such certificate."

Sections 2528 and 2529 of the Revised Statutes provide that:

Section 2528: "It shall be the duty of every notary public of the parish of Orleans, before passing any act or deed of sale, to demand a certificate from the register of conveyances, showing that the vendor had not alienated in any other way the property about to be sold by him, said certificate to give a clear description of said property, and the fee of two dollars for said certificates each shall be paid by the vendor of said property."

Section 2529: "Any notary public or sheriff in the parish aforesaid neglecting to procure the aforesaid certificate before passing any sale as aforesaid, shall be liable to a fine of not less than two hundred and fifty dollars, nor

more than five hundred dollars, and costs of court, one half for the benefit of the complainant and the other half for the benefit of the state."

Article 3364 of the Civil Code, quoted above, does not expressly provide that the certificate of the recorder of mortgages, required by the article, shall be attached to the sale, which the notary is about to pass; nor do sections 2528 and 2529 of the Revised Statutes expressly require that the certificate of the register of conveyances be attached to it. However, we think that the article of the Code cited, though it does not expressly so provide, contemplates that the certificate of the recorder of mortgages shall be attached to the act, save when the procuring of that certificate is waived, in the manner provided by section 449 of the Revised Statutes; and we also think that sections 2528 and 2529 of the Revised Statutes, though they do not expressly so provide, contemplate that the certificate of the register of conveyances shall be attached to the act of sale. However, while we so think, yet we are clearly of the opinion that the failure to attach these certificates, or even to procure them, has not the effect of invalidating the sale. As such failure in no manner affects the validity of the sale, we are of the opinion that, where one enters into an agreement with another to purchase property from him, and finds that the certificates contemplated by the foregoing provisions of law are not attached to one of the sales, passed by notarial act, and forming a link in the chain of title to the property which he has agreed to purchase, he is not for that reason justified in rejecting the title. This is so, because the only right of such person to reject the title, after having entered into an agreement to purchase, is because of some defect in the title, or because of some incumbrance on the property, which the party with whom he has contracted refuses to satisfy and cancel, and the absence of the certificate from a sale, under which his intended vendor holds, constitutes neither of these. We therefore conclude that the fact that certificates of incumbrances and of nonalienation were not attached to the sale from the Crescent City Building & Loan Association to Mrs. Norton did not justify defendant in rejecting the title tendered him by Mrs. Norton and her husband.

[2, 3] Another objection urged against the title is to the legality of a ratification made by Ernest, August, and Andrew Lanier, in a sale by the heirs of Mrs. August Egdorf to the Crescent City Building & Loan Association, of the property in question. This sale constitutes a link in the title tendered. The deed recites that the property, which was then being conveyed, was acquired by the vendors by judgment in the Succession of Mrs. Sophie M. Egdorf, No. 144102 of the docket of the civil district court. Following this recital, the deed recites that the Laniers, mentioned above, intervened in the act and declared that they took full cognizance of the judgment rendered in said Succession of Mrs. Sophie M. Egdorf, No. 144102, on October 4, 1922, recognizing the heirs and legatees and putting them in possession, and that they ratify and approve same, and convey to the purchaser named in that deed any right which they may have in and to said property.

Defendant relies, in support of the insufficiency of the ratification, chiefly on article 2272 (first paragraph) of the Civil Code, which paragraph reads:

"The act of confirmation or ratification of an obligation, against which the law admits the action of nullity or rescission, is valid only when it contains the substance of that obligation, the mention of the motive of the action of rescission, and the intention of supplying the defect on which that action is founded."

The reasons why defendant urges that the ratification is insufficient are as follows: (1)

That the tenor of the judgment sought to be ratified is not specially set forth in the act of ratification; (2) that the act of ratification does not contain the substance of the title under which the Laniers may have a right in the property in dispute; (3) that it does not mention the motive of the action of rescission; (4) that it does not contain the intention of supplying the defect on which that action is founded; (5) that, while a number, 144102, is stated in the act, there is no indication within the ratification as to what that number refers.

We may assume that the ratification of the judgment made by the Laniers is insufficient, and therefore invalid. It does not follow, however, that the judgment sought to be ratified contains any defect that would make the title tendered unsafe. For aught that appears, the ratification of the Laniers was obtained, only out of abundance of precaution. Defendant points out no defect, or probable defect, in the judgment rendered. If one existed, he should have pointed it out. "One refusing to accept title must show some substantial, threatening danger, and not a mere remote possibility. Woolverton v. Stevenson, 52 La. Ann. 1147, 27 So. 674; Louisiana Savings Bank in Liquidation, 48 La. Ann. 1428, 20 So. 909." Grasser v. Blank, 110 La. 493, 34 So. 648: We therefore conclude that defendant was not justified in rejecting title on the ground here considered.

[4] The third and last objection urged to the title tendered relates to the regularity of a family meeting, held in the interest of the minor, Robert Hewitt, who, prior to the sale to the Crescent City Building & Loan Association, held the property here in controversy in indivision with the major heirs of Mrs. Egdorf.

The family meeting was held for the purpose of effecting a partition, by private sale, of the property forming the basis of this suit. The judge appointed seven relatives of the minor to compose the family meeting, without a proviso in the order that the meeting might be held with any five of them. On the day appointed for the meeting only four of the members appeared, though the remainder had been duly notified. The notary, who was commissioned to hold the family meeting, appointed a friend of the minor to take the place of one of the absent relatives, and held the meeting with only five members. The family meeting recommended that the property be sold at private sale to effect a partition, and, in due course, the judge homologated the proceedings of the meeting, and the property was sold to effect the partition. Defendant contends that he should not be required to accept the title tendered, because it rests in part on the recommendations of a family meeting, composed of only five members, when the judge appointed seven.

Article 281 of the Civil Code provides, in part, that:

"Family meetings, in all cases in which they are required by law, for the interest of minors or of other persons, must be composed of at least five relations, or in default of relations, friends of him on whose interests they are called upon to deliberate. * * *"

And article 284 of the Code provides that—

"The appointment of the members of the family meeting shall be made by the judge."

And article 287 of the Code provides that:

"If any relative of a minor, after having been legally summoned to compose a family meeting, shall neglect to attend, the officer holding the meeting shall have power to appoint, instanter, friends to compose or complete such family meeting, as in default of relations."

From the foregoing, it appears that the judge may appoint as few as five persons to compose a family meeting. As he had such power when he named the members to compose the family meeting in the present in-

stance, we see no reason why, when the procés verbal of that meeting was presented to him for homologation, showing that the meeting was held with only five members, when he had appointed seven, he did not have power to homologate the proceedings of the meeting thus held, if he saw proper to do so. In our opinion, he acted within his powers, and his action was therefore legal. This ruling, in our view, is not in conflict with the Succession of Carbajal, 111 La. 953, 36 So. 41, cited by defendant.

[5, 6] The trial court rendered judgment in favor of plaintiff, ordering defendant to accept the title and comply with his contract, and, in the event he did not, then forfeiting the $480 deposited by him, at the time he entered into the contract to purchase, and, in either event, to pay plaintiff $20, the cost of the tender made. Defendant complains because of the allowance of the cost of the tender. His position is that the tender was not made as required by law, and therefore that he should not be required to pay the cost thereof. He takes this position, not for the purpose of defeating this suit, but, as stated in effect, solely for the purpose of defeating the demand for the cost of the tender. As urged by him, the evidence shows that the tender was not made in the presence of two witnesses. It should have been so made. Code of Practice, art. 411. As the tender was lacking in one of the essentials for a tender, and, in contemplation of law, was no tender at all, we think that defendant should not be charged with the cost of the futile effort to make it. The judgment, therefore, should be amended in that respect; but the amendment is not sufficient to throw the cost of appeal on the appellee.

For the reasons assigned, the judgment appealed from is amended by disallowing said item of $20, and, as thus amended, it is affirmed; defendant to pay the costs of appeal.