(120 So. 857)

No. 29066.

## TRIDICO v. MERENDA.

Jan. 28, 1929.   Rehearing Denied Feb. 25, 1929.

Legier, McEnerny & Waguespack, of New Orleans, for appellant.

Theo. Cotonio, of New Orleans, for appellee.

O'NIELL, C. J.   This is a suit to compel the defendant to accept the title and pay the price of a house and lot which he agreed to buy from the plaintiff for $5,500.   The defendant contends that the plaintiff's title is defective in certain particulars, which we will discuss hereafter.   The court gave judgment

in favor of the plaintiff. The defendant has appealed.

Appellant's first contention is that the minor children of James J. Fehan have an interest in the property because of these facts: Thomas Fulham, who owned the property, at his death bequeathed it to his daughter, Barbara E. Fulham, wife of James J. Fehan, and her seven children. Three of the children were of age, and four were minors. Mrs. Fehan being the only heir, and forced heir, of her father, the disposable portion of his estate was two-thirds. Mrs. Fehan therefore claimed her legitime, one-third of the estate, by inheritance; and, in a partition proceeding among the eight legatees, she got one-third plus one-eighth of two-thirds of the property, and each of her seven children got one-eighth of two-thirds. It is contended by the defendant in this suit that, as Thomas Fulham did not declare in his will that he intended the legacy to Mrs. Fehan to be an extra portion, or given as an advantage, she was not entitled to take a share of the legacy in addition to her legitime, and therefore that her seven children should have taken all of the disposable portion of the property.

Conceding, for the sake of argument, that the seven children of Mrs. Fehan should have taken all of the disposable portion of her father's estate, they have no right now to claim anything more than the share which they received in the partition, because the division of the estate, so as to allow Mrs. Fehan one-third plus one-eighth of two-thirds, and so as to allow each of her seven children one-eighth of two-thirds of the estate, was the result of a judgment which was rendered, read and signed in open court, in a proceeding brought by the father, as tutor of the minor children, against their mother and the major brothers and sisters, and the judgment, which definitely fixed the share due to each legatee, is now final. It was decreed that the property should be sold at private sale to effect the partition, and it was so sold. If any error was committed, it was only in the division of the proceeds of the sale, and did not affect the title of the property sold, because all parties having an interest in the property were parties to the suit and the partition. Zeigler v. His Creditors, 49 La. Ann. 144, 21 So. 666; Samuels v. Parsons, 146 La. 262, 83 So. 548. We are not convinced, however, that Mrs. Fehan was not entitled to her share of the legacy in addition to her legitime. Her children were not heirs of her father, and therefore had no right to complain of any disposition which he saw fit to make of the disposable portion of his estate. She is the one who demanded a reduction of the legacy. Her children had no such right.

Appellant's second contention is that the property may be subject to a lien for an inheritance tax due by the estate of Thomas Fulham. The judgment which we have referred to, dated the 4th of December, 1923, sending the legatees into possession of the estate, declares that it was rendered with "the approval of the inheritance tax collector." There is therefore no doubt that the amount of the inheritance tax due by each legatee was determined and paid.

Appellant's third complaint has reference to the family meeting which recommended the sale of the property of the succession of Thomas Fulham to divide the proceeds among the legatees according to the court's decree. The judge named and appointed eight members of the family meeting, saying that it should be composed of them or of any five of them. The complaint now is that only five of the members so appointed attended the family meeting, and that it was held without giving three days' notice to the three others who were appointed. A sufficient answer to the complaint is that the order of the judge approving and homologating the proceedings of the family meeting had the same effect as if he had appointed only the five persons who

composed the family meeting. Lindsey v. Mixon's Heirs, 161 La. 31, 108 So. 114.

Appellant makes two complaints of the judgment appealed from, which are well founded. The judgment orders him to pay to the plaintiff $5,500. He paid $550 to the real estate agent, at the time of the contract, and it was agreed that the payment should be credited on the purchase price. The defendant should be required therefore to pay only $4,950, the unpaid balance of the price. The judgment also allows the plaintiff interest at 5 per cent. from the 26th of July, 1926. Considering that the property is producing or in a condition to produce revenues, and that the defendant was in good faith in insisting upon having the title confirmed by a judicial decree, the judgment against him ought to bear interest only from the date of this decree. In other respects the judgment is correct.

The judgment appealed from is amended by reducing the amount which the defendant is condemned to pay to $4,950, which shall bear legal interest only from the date of this decree. As thus amended the judgment is affirmed. The appellee is to pay the costs of this appeal, and the appellant all other court costs.