(175 La. 454)

### HUNTER v. RECTOR, WARDENS, AND VESTRYMEN OF ST. ANN'S CHAPEL.

### No. 31430.

Supreme Court of Louisiana.

Nov. 3, 1931.

Woodville & Woodville, Buck, Walshe & Buck, and McLoughlin & West, all of New Orleans, for appellant.

J. Zach Spearing, of New Orleans, for appellee.

ODOM, J.

Plaintiff alleged in his petition that the "Rector, Wardens and Vestrymen of St. Ann's Chapel, a corporation organized under the laws of the State of Louisiana, and having its domicile in this city and state, is justly and truly indebted unto your petitioner in the full and true sum of nine thousand, six hundred and seventy-six dollars and thirty-eight cents."

Then follows a statement of the cause of action on which the suit is based.

The prayer of the petition is as follows:

"That the Rector, Wardens and Vestrymen of St. Ann's Chapel be cited to answer this petition, that after due proceedings had, there be judgment in petitioner's favor and against the said Rector, Wardens and Vestrymen of St. Ann's Chapel in the full and true sum of $9,676.38 with interest from judicial demand and for court costs and for general and equitable relief."

The answer begins as follows:

"Now comes the Rector, Wardens and Vestrymen of St. Ann's Chapel, defendants in the above entitled and numbered cause," etc.

And, to quote further:

"Respondent admits that it is a corporation duly organized under the laws of this state and having its domicile in the City of New Orleans," etc.

The judgment reads as follows:

"It is ordered, adjudged and decreed that there be judgment in favor of the plaintiff, Edwin Wallace Hunter, and against defendant, Rector, Wardens and Vestrymen of St. Ann's Chapel in the full sum of $9,158.33 with legal interest from judicial demand until paid and for all costs."

This judgment was rendered on February 26, 1931, and signed on March 4, following.

On March 13 plaintiff ruled defendant to show cause why the judgment rendered should not be "clarified and supplemented by including therein the exact corporate name of the defendant corporation, to wit, St. Ann's Chapel of the State of Louisiana, so that the said judgment will designate and specify the defendant therein as St. Ann's Chapel of the State of Louisiana."

The rule was heard and dismissed on March 30.

On June 8, plaintiff by written motion applied for a devolutive appeal from the judgment for "the sole purpose of having said judgment corrected to include the true corporate name of defendant." The appeal was granted; the order of the court being as follows:

"It is ordered that a devolutive appeal for the sole purpose of having the name of the defendant corporation properly specified in the judgment as herein above set out be granted to said Reverend Edwin Wallace Hunter."

The appeal was perfected and lodged in this court on July 30.

On August 3 appellee filed in this court a motion to dismiss the appeal in which it is alleged in substance that the judgment rendered by the district court is correct in so far as it condemned "The Rector, Wardens and Vestrymen of St. Ann's Chapel" to pay to plaintiff $9,158.33, because under plaintiff's petition and his prayer (recited in detail herein) no judgment could be rendered against 'St. Ann's Chapel of the State of Louisiana.' "

A further ground for the dismissal of the appeal is that "it was beyond the power of the Civil District Court for the Parish of Orleans, in which this suit was tried and by which the judgment was rendered, to grant an appeal to the plaintiff for a limited purpose, even if the said limited purpose be legitimate, which is denied, and plaintiff must either appeal entirely from the judgment which was rendered and is sought to be appealed from, *or not at all.*"

■ 1. In passing on motions to dismiss appeals, this court will not consider questions pertaining to the merits of the case. On the trial of motions to dismiss appeals, the question whether the judgment appealed from is correct or incorrect is not an issue; the only issue presented being whether or not the appellant is entitled to the appeal as a matter of law. Grasser v. Blank, 110 La. 493, 34 So. 648; Dardenne et al. v. Schwing, 111 La. 318, 35 So. 583; Dreyfus v. American Bonding Co., 136 La. 491, 67 So. 342; Barkley & Co., Ltd., v. Ham & Seymour, 157 La. 872, 103 So. 245.

Whether the judgment should have been rendered against the rector, wardens, and vestrymen or against "St. Ann's Chapel" is

a matter which pertains to the merits of the case.

2. After judgment was rendered, plaintiff informed the trial court that he desired to appeal the case, but only for a limited purpose, to wit, "of having the name of the defendant corporation properly specified in the judgment," and the court granted the appeal for that limited purpose.

Counsel for appellee contends that to permit appellant to appeal for only a limited purpose would deprive his clients, the appellees, of a substantial right; that is, the right granted to an appellee of having the judgment appealed from "set aside in those points in which he believes he is aggrieved" by answering the appeal. C. P. arts. 592, 888. That would be true if the appeal applied for had not brought the whole case up for review, and counsel for appellant concede that it has, for they say in brief, at page 15:

"Finally, we submit that appellee is making a mountain out of a mole hill in the present case as a study of articles 592 and 888 of the Code of Practice may show, that should appellee feel itself aggrieved by any part of the judgment, it may complain of that part and seek its correction by way of answer to the appeal. The appellant in any case can only be expected to complain of that portion of a judgment against him if parts of a judgment are in his favor, thereupon it is the duty of the appellee to set out the correctness of those portions and to ask for an amendment or reversal of the parts against it either by way of answer or appeal as the law directs."

From this it is clear that appellant concedes that the whole case is before this court and not "part of it." It follows, therefore, that appellee has been deprived of no substantial right, for he may now answer the appeal and pray that the judgment be amended or set aside "in those points in which he believes that he is aggrieved."

The motion to dismiss the appeal is overruled.